1   JOHN A. RUSSO, City Attorney - State Bar No. 129729
     RANDOLPH W. HALL, Assistant City Attorney - State Bar No. 080142
2   STEPHEN Q. ROWELL, Deputy City Attorney - State Bar No. 098082
     One Frank Ogawa Plaza, 6th Floor
3   Oakland, California 94612
     Telephone:  (510) 238-3865     Fax:  (510) 238-6500
4   X01748/301743

5   Attorneys for Defendant
     CITY OF OAKLAND

6

7

**ENDORSED FILED**
**ALAMEDA COUNTY**

**FEB 0 6 2003**

**CLERK OF THE SUPERIOR COURT**
**By Dorothy Duckett, Deputy**

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **COUNTY OF ALAMEDA**

10             **UNLIMITED JURISDICTION**

11   JAMALIA BROWN,                Case No.  2002-070113

12           Plaintiff,        NOTICE OF REMOVAL OF ACTION
                              (28 U.S.C. Section 1446)
13      v.

14

15   CITY OF OAKLAND, JOHN GUTIERREZ,
     DEVIN UNDERWOOD, H. KIDD, B.
16   BROCK, E. RICHOLT and DOES 1
     through 20, inclusive

17          Defendants.

18

19      Attached hereto is a complete and a filed-endorsed copy of this document filed with

20   Unired States District Court.

     Dated:  February 6, 2003
21

22                 JOHN A. RUSSO, City Attorney
                    RANDOLPH W. HALL, Assistant City Attorney
23                 STEPHEN Q. ROWELL, Deputy City Attorney

24

25         By: _____

26                 Attorneys for Defendant
                CITY OF OAKLAND

E-filing

JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney - State Bar #080142
STEPHEN Q. ROWELL  Deputy City Attorney - State Bar #098228
One Frank Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-3865          Fax:  (510) 238-6500
X01748/301696

Attorneys for Defendants

CITY OF OAKLAND, D.UNDERWOOD,
H. KIDD, B. BROCK, and E. RICHOLT

ORIGINAL
FILED

FEB - 6 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JAMILIA BROWN,

        Plaintiff,

      v.

CITY OF OAKLAND, JOHN GUTIERREZ,
DEVIN UNDERWOOD, H. KIDD, B. BROCK,
E. RICHOLT; AND DOES 1 TO 20,

        Defendants.

Case No. C 03 0526 JL

**NOTICE OF REMOVAL OF ACTION**
**(28 U.S.C. Section 1446)**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA:**

    **PLEASE TAKE NOTICE** that defendant, CITY OF OAKLAND, DEVON

UNDERWOOD, H. KIDD, B. BROCK and E. RICHOLT hereby request that the state court

action described below be removed to this Court pursuant to 28 U.S.C. section 1446.

///

**I.**

On or about December 18, 2002 the First Amended Complaint in the above-entitled action Civil Case No. 2002-070113 was filed in the Superior Court of the State of California, County of Alameda and is now pending in that court.

**II.**

On or about January 10, 2003 defendants CITY OF OAKLAND, DEVON UNDERWOOD, H. KIDD, B. BROCK and E. RICHOLT were served with a copy of the First Amended Complaint. The remaining defendant, JOHN GUTIERREZ has not been served. A copy of the Summons and Complaint in the above-entitled action is attached hereto as Exhibit "A."

**III.**

Defendants CITY OF OAKLAND, DEVON UNDERWOOD, H. KIDD, B. BROCK and E. RICHOLT filed Answers to the first amended complaint in Alameda County Superior Court. Copies of said Answers are attached hereto and incorporated herein as Exhibit "B". No other filings have been made in Superior Court.

**IV.**

The above-entitled case is a civil action under 42 U.S.C. section 1983 which alleges that plaintiff was arrested without probable cause, that she was falsely imprisoned in violation of her Fourth Amendment rights and that the CITY OF OAKLAND was deliberately indifferent to her constitutional rights.

**V.**

The Court has original jurisdiction of the above-entitled action pursuant to 28

1  U.S.C. section 1331, and the action may therefore be removed to this Court pursuant to

2  28 U.S.C. section 1441(b).

3

4

**VI.**

5

6  Written notice of the filing of this Notice of Removal is being served on plaintiff's

7  counsel on this date.

8  **VII**

9

10  A true and correct copy of this Notice of Removal is being filed this date with the

11  clerk of the Superior Court for the State of California, County of Alameda.

12

13  Dated: February 6, 2003

14  JOHN A. RUSSO, City Attorney
    RANDOLPH W. HALL, Assistant City Attorney

15  STEPHEN Q. ROWELL, Deputy City Attorney

16

17  By:_____

18  Attorneys for Defendants CITY OAKLAND

19

20

21

22

23

24

25

26

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California  94612.  On date shown below, I served the within document(s):

NOTICE OF REMOVAL OF ACTION (28 U.S.C. Section 1445)

DECLARATION OF FILING NOTICE OF REMOVAL OF ACTION IN STATE COURT

NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION (28 U.S.C. Section 1446)

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐   by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by causing such envelope to be sent by Federal Express/ Express Mail.

Martin Glickfeld, Esq.
LAW  OFFICES OF MARTIN GLICKFELD
2133 Lombard Street
San Francisco, CA 94123

Fax:
Tel:    (510) 528-2182
*Attorney for Plaintiff*

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 6, 2003**, at Oakland, California.

REESE JOHNSON

# EXHIBIT A

*handwritten: 2/6/03 FILED SND Resp 2/10/03*

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
CITY OF OAKLAND, JOHN GUTIERREZ,
DEVIN UNDERWOOD, H. KIDD, B. BROCK,
E. RICHOLT and DOES 1 through 20, inclusive

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:** JAMALIA BROWN
*(A Ud. le está demandando)*

| | |
| --- | --- |
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.<br><br>A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.<br><br>If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*<br><br>*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*<br><br>*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.*<br><br>*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

**CASE NUMBER:** *(Número del Caso)*
2002-070113

The name and address of the court is: *(El nombre y dirección de la corte es)*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA - NORTHERN DIVISION - UNLIMITED JURISDICTION
Courthouse, 1225 Fallon Street
Oakland, California 94612
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
95346          415-441-7491
MARTIN GLICKFELD
Law Offices of Martin Glickfeld
2133 Lombard Street
San Francisco          CA     94123

DATE: **DEC 1 8 2002**
*(Fecha)*          ARTHUR SIMS
EXECUTIVE OFFICER/CLERK          Clerk, by *(signature)* , Deputy
          *(Actuario)*          *(Delegado)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* *CITY OF OAKLAND*

under:
☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (individual)
☑ other: *C.C.P. 416.50 (PUBLIC ENTITY)*

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

*(See reverse for Proof of Service)*
**SUMMONS**



CCP 412.20

PROOF OF SERVICE — SUMMONS
*(Use separate proof of service for each person served)*

1. I served the
   a. ☐ summons ☐ complaint ☐ amended summons ☐ amended complaint
      ☐ completed and blank Case Questionnaires ☐ Other *(specify)*:
   b. on defendant *(name)*:

   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:
2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail serivce.** By mailing to an address outside California (by first-class mail postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.
3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.as the person sued under the
   b. ☐ fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)          ☐ other:
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on *(date)*:
4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
          *(SIGNATURE)*

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
          *(SIGNATURE)*

982(a)(9) [Rev. January 1, 1984]                                      CEB

**COPY**

MARTIN GLICKFELD, ESQUIRE
State Bar No. 95346
LAW OFFICES OF MARTIN GLICKFELD
2133 Lombard Street at Fillmore
San Francisco, CA 94123
Telephone: (415) 441-7491

Attorney for Plaintiff JAMALIA BROWN

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 8 2002

CLERK OF THE SUPERIOR COURT
By Dupé Bradford, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA – NORTHERN DIVISION

UNLIMITED JURISDICTION

|  |  |
|---|---|
| JAMALIA BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF OAKLAND, JOHN GUTIERREZ,<br>DEVIN UNDERWOOD, H. KIDD, B. BROCK,<br>E. RICHOLT and DOES 1 through 20, inclusive<br><br>　　　　　Defendants. | CASE NO. 2002-070113<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT – CIVIL RIGHTS VIOLATION (42 U.S.C.A. § 1983)** |

**FIRST CAUSE OF ACTION –
CIVIL RIGHTS VIOLATION (42 U.S.C.A. § 1983)**

1.　　Plaintiff herein, JAMALIA BROWN, is uncertain as to the true identities and capacities of defendants sued fictitiously herein as DOES 1 through 20; however, plaintiff is informed and believes and thereon alleges that said defendants are in some way responsible for the acts and/or omissions alleged hereinafter, proximately resulting in injuries and damages to plaintiff as herein alleged. At such time as plaintiff becomes aware of the true identities of said fictitiously named defendants, plaintiff will amend this Complaint accordingly.

2.　　Defendant City of Oakland, California, is a municipality which operates, manages, directs and/or controls the City of Oakland Police Department.

PLAINTIFF'S FIRST AMENDED COMPLAINT –
CIVIL RIGHTS VIOLATION (42 U.S.C.A. §1983)

1

3.     Defendants Gutierrez, Underwood, Kidd, Brock and/or Richolt, and each of them, at all relevant times were agents and/or employees of the City of Oakland and/or the City of Oakland Police Department. Plaintiff does not presently know the first names of Officers Kidd, Brock or Richolt, but will amend this Complaint accordingly when the same has been ascertained.

4.     On or about March 16, 2001, plaintiff was lawfully present in a public area near premises located at 1620 Chestnut Street, Oakland, California. At said time and place, the Oakland Police Department, led by Officer Gutierrez, was in the vicinity as part of an effort to execute a premises search warrant to search the premises at 1620 Chestnut Street. At said time and place, defendants Gutierrez, Underwood, Kidd, Brock and/or Richolt, and each of them, were in involved in the "planting" of cocaine in a bush near to where the plaintiff was standing, and in causing the plaintiff to be detained and arrested by falsely reporting that the plaintiff had been seen throwing the cocaine into the bush. Plaintiff is informed and believes that this manipulating of evidence was part of a plan participated in and/or conceived by defendants Gutierrez, Underwood, Kidd, Brock and/or Richolt, and each of them. Specifically, plaintiff is informed and believes, and thereon alleges that defendants Underwood and/or Kidd falsely reported seeing plaintiff throw the cocaine into the bushes and that the remaining defendants participated in the act of falsely "discovering" the said cocaine. As a result of this false "planting" of evidence, plaintiff was not only arrested, but criminal charges were brought against him. He was in prison for approximately three (3) months, after which time he was able to make bail and was released from prison; however, the false charges brought against him as a result of the above-alleged police misconduct remained pending until they were dismissed on or about March 23, 2002. Accordingly, under Government Code Section 945.3, the time period in which it was necessary to bring this action under 42 U.S.C.A. Section 1983 is tolled until any such charges were dismissed.

5.     Officer Underwood, in connection with the criminal proceedings, gave testimony under oath in which he falsely stated that he had observed plaintiff attempting to discard the cocaine evidence when, in fact, he knew this was not true. Plaintiff is informed and believes, and thereon alleges, that Officer Gutierrez, has been the subject of an Internal Affairs probe (the

PLAINTIFF'S FIRST AMENDED COMPLAINT –
CIVIL RIGHTS VIOLATION (42 U.S.C.A. §1983)                    2

1   specific details of which are not completely presently known to the plaintiff); however, plaintiff

2   is informed and believes, and thereon alleges, that Officer Gutierrez falsified reports in connection

3   with this matter and gave testimony in Court which was false; and that Officer Gutierrez knew that

4   the cocaine "evidence" obtained had been "planted", but nonetheless caused plaintiff to be arrested

5   and ultimately criminally charged. Plaintiff is informed and believes that said officer has only now

6   finally been terminated as a result of the very conduct which provides the basis for this claim.

7         6.     The City of Oakland Police officers involved in this incident acted under color of

8   State law and without any cause or justification and with deliberate indifference to the rights of the

9   plaintiff. Said conduct was designed to, and did, in fact, deprive plaintiff of his rights, privileges

10  and immunities under 42 U.S.C.A. Section 1983, the Fourth and Fourteenth Amendments of the

11  United States Constitution and the laws of the State of California.

12        7.     Furthermore, the City of Oakland, as a matter of policy and practice has, with

13  deliberate indifference, failed to adequately discipline, train or otherwise direct its Police officers

14  concerning the rights of citizens and has and does fail to properly investigate complaints of

15  misconduct, thereby causing and encouraging Police, and specifically, the Police officers in this

16  case, to engage in the unlawful conduct described above.

17        8.     The City of Oakland, as a matter of policy and practice has, with deliberate

18  indifference, failed to properly sanction, discipline, in-service or re-train Police officers, including

19  the Police officers involved in this case, for violations of the Constitutional rights of citizens,

20  thereby causing Police, including the officers in this case, to engage in unlawful conduct.

21        9.     The City of Oakland, as a matter of policy and practice has, and continues to, with

22  deliberate indifference, failed to sanction, discipline or terminate Police officers, including

23  specifically Officer Underwood, who participate in and/or are aware of and subsequently conceal

24  violations of the Constitutional rights of citizens by other Police officers, thereby causing and

25  encouraging Police, including the officers in this case, to engage in unlawful conduct.

26        10.    Plaintiff is informed and believes, and thereon alleges, that there was, prior to and

27  at the time of the incident, a well-known and widespread practice in the Oakland Police

28  PLAINTIFF'S FIRST AMENDED COMPLAINT -
    CIVIL RIGHTS VIOLATION (42 U.S.C.A. §1983)

1  Department to disregard individual fundamental civil rights guaranteed under the Constitution

2  during the investigation of criminal activities and the apprehension of criminals, as said rights were

3  deemed to be less important than the officers' ability to conduct said policies activities

4  "unfettered". As a proximate result of this very practice within the Oakland Police Department,

5  numerous individuals, including the plaintiff herein, have been falsely and improperly searched,

6  accused, detained, arrested and/or charged with criminal activity, with a conscious and deliberate

7  disregard and indifference to those individuals and their rights.

8        11.    The actions of the defendants herein, and each of them, acting under color of State

9  law, discriminated against and deprived the plaintiff of his rights, privileges and immunities under

10  the law and under the Constitution of the United States; in particular, the right to be secure in

11  person and property, to be free from false imprisonment, and to due process.

12        12.    By these actions, defendants, and each of them, have deprived plaintiff of his rights

13  secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation

14  of 42 U.S.C.A. Section 1983.

15        WHEREFORE, plaintiff prays for relief as hereinafter set forth:

16        1.    For general and special damages for violation of 42 U.S.C.A. Section 1983;

17        2.    For attorneys' fees;

18        3.    For costs of suit; and

19        4.    For such other and further relief as the Court may deem just and proper in the

20  premises.

21

22  Dated: _Dec. 9, 2002_           Respectfully submitted,

23

24

25                                MARTIN GLICKFELD
                              Attorney for Plaintiff JAMALIA BROWN

26  C:\CLIENTS\BROWN, J\Pleadings\FIRST AMENDED COMPLAINT.wpd

27

28  PLAINTIFF'S FIRST AMENDED COMPLAINT –
    CIVIL RIGHTS VIOLATION (42 U.S.C.A. §1983)

                                      4

EXHIBIT B

1   JOHN A. RUSSO, City Attorney - State Bar No. 129729
    RANDOLPH W. HALL, Assistant City Attorney - State Bar No. 080142
2   STEPHEN Q. ROWELL, Deputy City Attorney - State Bar No. 0982~
    One Frank Ogawa Plaza, 6th Floor
3   Oakland, California 94612
    Telephone: (510) 238-3865      Fax: (510) 238-6500
4   X01748/301642

5   Attorneys for Defendant
    CITY OF OAKLAND

6

**ENDORSED**
**FILED**
ALAMEDA COUNTY

**JAN 2 9 2003**

**CLERK OF** THE SUPERIOR COURT
**By Dorothy** Duckett, Deputy

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10                          UNLIMITED JURISDICTION

11

| | |
|---|---|
| 12  JAMALIA BROWN, | Case No.  2002-070113 |
| 13            Plaintiff, | ANSWER OF DEFENDANT CITY OF OAKLAND TO FIRST AMENDED COMPLAINT |
| 14       v. | |
| 15 | |
| 16  CITY OF OAKLAND, JOHN GUTIERREZ, DEVIN UNDERWOOD, H. KIDD, B. BROCK, E. RICHOLT and DOES 1 | |
| 17  through 20, inclusive | |
| 18            Defendants. | |

19

20            Defendant CITY OF OAKLAND answers the unverified First Amended

21   Complaint herein as follows:

22                                    I.

23            Under the provisions of Section 431.30(d) of the California Code of Civil

24   Procedure, defendant generally denies each and every allegation contained in said First

25   Amended Complaint.

26

## II.

AS A FURTHER, FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that the First Amended Complaint fails to state a cause of action against this defendant.

## III.

AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendant, on information and belief, alleges that plaintiff was careless and/or negligent in or about the events alleged in the First Amended Complaint, and assumed the risks of the events or accident, and said conduct was the proximate cause of the injuries and damages alleged.

## IV.

AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges, on information and belief, that plaintiff not exercise ordinary care, caution, or prudence to avoid the alleged event and/or accident; consequently, the subsequent injuries or damages, if any, sustained by plaintiff were proximately caused by and contributed to by plaintiff's comparative negligence, and any damages they might otherwise be entitled to should be proportionately reduced by the degree of plaintiff's negligence.

## V.

AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that the injuries and damages plaintiff complains of resulted from the acts and/or omissions of others, or acts of God, and without any fault on the part of defendant.

## VI.

AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that any party or individual who was negligent and/or contributed to the

ANSWER OF DEFENDANT CITY OF OAKLAND TO FIRST AMENDED COMPLAINT

1  alleged injuries and damages was not acting as its agent or with its knowledge or within

2  the course and/or scope of employment with defendant CITY OF OAKLAND.

3  VII.

4  AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5  defendant alleges that this action is barred by all applicable Government Code

6  immunities, including, but not limited to, sections 815 through 900.  Said sections are

7  pleaded as though fully set forth herein.

8  VIII.

9  AS A FURTHER, SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

10  defendant alleges that it are not liable for punitive damages pursuant to Government

11  Code section 818.

12  IX.

13  AS A FURTHER, EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

14  defendant alleges that all of the actions of defendant was undertaken in good faith and

15  with the reasonable belief that such actions were valid, necessary, reasonable, lawful and

16  constitutionally proper, entitling defendant to the qualified immunity of good faith.

17.  X.

18  AS A FURTHER, NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19  defendant alleges that, if it in any fashion caused the injuries or damages alleged,

20  although such liability is expressly denied herein, it's acts and/or omissions were

21  reasonable and privileged.

22  XI.

23  AS A FURTHER, TENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

24  defendant alleges, on information and belief, that plaintiff failed to mitigate damages.

25  XII.

26  AS A FURTHER, ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

1  defendant alleges that, to the extent that plaintiff alleges or asserts matters not contained

2  in a legally sufficient claim filed by him, this action is barred by the claims requirements

3  set forth in Government Code Section 905 et seq.

4                                                    XIII.

5             AS A FURTHER, TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

6  defendant alleges that this action is barred, under Government Code § 945.6, by

7  plaintiffs' failure to file his action within six months after denial of his claim by defendant.

8                                                    XIV.

9             AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE

10 DEFENSE, defendant alleges that this action is barred by all applicable statutes of

11 limitations.

12             **WHEREFORE,** defendant prays that:

13                      1.        Plaintiff take nothing by reason of her First Amended

14                                Complaint;

15                      2.        Defendant have judgment against plaintiff;

16                      3.        Defendant be awarded their costs of suit incurred herein,

17                                including costs specified in Code of Civil Procedure § 1038; and/

18                      4.        The Court award such other relief as it may deem proper.

19

20 Dated:  January 28, 2003

21                                JOHN A. RUSSO, City Attorney
                                  RANDOLPH W. HALL, Assistant City Attorney
22                                STEPHEN Q. ROWELL, Deputy City Attorney

23

24                      By:  _____

25                                Attorneys for Defendant
                                  CITY OF OAKLAND

26

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California  94612.  On date shown below, I served the within document(s):

**ANSWER OF DEFENDANT CITY OF OAKLAND TO FIRST AMENDED COMPLAINT**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐   by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by causing such envelope to be sent by Federal Express/ Express Mail.

Marin Glickfeld, Esq.
LAW  OFFICES OF MARTIN GLICKFELD
2133 Lombard Stret at Fillmore
San Francicso, CA 94123
Fax:
Tel:    (510) 528-2182
***Attorney for Plaintiff***

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May, 23, 2002**, at Oakland, California.

PATRICIA WHITE

ANSWER OF DEFENDANTS OAKLAND POLICE OFFICERS
SAMUEL ARDERDING AND VICTOR ARVISU TO COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California  94612.  On date shown below, I served the within document(s):

**ANSWER OF DEFENDANT CITY OF OAKLAND TO FIRST AMENDED COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/ Express Mail.

Martin Glickfeld, Esq.
LAW  OFFICES OF MARTIN GLICKFELD
2133 Lombard Street
San Francisco, CA 94123

Fax:
Tel:   (510) 528-2182
**Attorney for Plaintiff**

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 29, 2003**, at Oakland, California.

REESE JOHNSON

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 3 2003

CLERK OF THE SUPERIOR COURT

By R.C. Hughes,

1   JOHN A. RUSSO, City Attorney - State Bar No. 129729
    RANDOLPH W. HALL, Assistant City Attorney - State Bar No. 080142
2   STEPHEN Q. ROWELL, Deputy City Attorney - State Bar No. 098228
    One Frank Ogawa Plaza, 6th Floor
3   Oakland, California 94612
    Telephone:  (510) 238-3865      Fax:  (510) 238-6500
4   X01748/301899

5   Attorneys for Defendants
    D. UNDERWOOD, H. KIDD, B.
6   BROCK and E. RICHOLT

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10                       UNLIMITED JURISDICTION

11

12   JAMALIA BROWN,                         Case No.  2002-070113

13              Plaintiff,                  **ANSWER OF DEFENDANTS DEVIN
                                            UNDERWOOD, H. KIDD, B. BROCK
14        v.                                AND E. RICHOLT TO FIRST AMENDED
                                            COMPLAINT**
15
     CITY OF OAKLAND, JOHN GUTIERREZ,
16   DEVIN UNDERWOOD, H. KIDD, B.
     BROCK, E. RICHOLT and DOES 1
17   through 20, inclusive

18              Defendants.

19

20        Defendants DEVIN UNDERWOOD, H. KIDD, B. BROCK and E. RICHOLT

21   ("Defendants") answer the unverified First Amended Complaint herein as follows:

22                                   I.

23        Under the provisions of Section 431.30(d) of the California Code of Civil

24   Procedure, Defendants generally denies each and every allegation contained in said First

25   Amended Complaint.

26

                                      1

**II.**

AS A FURTHER, FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the First Amended Complaint fails to state a cause of action against these defendants.

**III.**

AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendants, on information and belief, alleges that plaintiff was careless and/or negligent in or about the events alleged in the First Amended Complaint, and assumed the risks of the events or accident, and said conduct was the proximate cause of the injuries and damages alleged.

**IV.**

AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege, on information and belief, that plaintiff not exercise ordinary care, caution, or prudence to avoid the alleged event and/or accident; consequently, the subsequent injuries or damages, if any, sustained by plaintiff were proximately caused by and contributed to by plaintiff's comparative negligence, and any damages they might otherwise be entitled to should be proportionately reduced by the degree of plaintiff's negligence.

**V.**

AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that the injuries and damages plaintiff complains of resulted from the acts and/or omissions of others, or acts of God, and without any fault on the part of defendants.

**VI.**

AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that this action is barred by all applicable Government Code

1   immunities, including, but not limited to, sections 815 through 900.  Said sections are

2   pleaded as though fully set forth herein.

3                                              VII.

4          AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5   defendants alleges that all of the actions of defendants were undertaken in good faith and

6   with the reasonable belief that such actions were valid, necessary, reasonable, lawful and

7   constitutionally proper, entitling defendants to the qualified immunity of good faith.

8                                              VIII.

9          AS A FURTHER, SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

10  defendants allege that, if it in any fashion caused the injuries or damages alleged,

11  although such liability is expressly denied herein, it's acts and/or omissions were

12  reasonable and privileged.

13                                             IX.

14         AS A FURTHER, EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

15  defendants allege, on information and belief, that plaintiff failed to mitigate damages.

16                                             X.

17         AS A FURTHER, NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

18  defendants allege that, to the extent that plaintiff alleges or asserts matters not contained

19  in a legally sufficient claim filed by him, this action is barred by the claims requirements

20  set forth in Government Code Section 905 et seq.

21                                             XI.

22         AS A FURTHER, TENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23  defendants allege that this action is barred, under Government Code § 945.6, by

24  plaintiffs' failure to file his action within six months after denial of his claim by defendants.

25                                             XIV.

26         AS A FURTHER, ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

ANSWER OF DEFENDANTS DEVIN UNDERWOOD, H. KIDD, B. BROCK AND E. RICHOLT TO FIRST
AMENDED COMPLAINT

1   defendants allege that this action is barred by all applicable statutes of limitations.

2        **WHEREFORE,** defendants pray that:

3        1.   Plaintiff take nothing by reason of her First Amended

4             Complaint;

5        2.   Defendants have judgment against plaintiff;

6        3.   Defendants be awarded their costs of suit incurred herein,

7             including costs specified in Code of Civil Procedure § 1038; and/

8        4.   The Court award such other relief as it may deem proper.

9

10  Dated: February 3, 2003

11                    JOHN A. RUSSO, City Attorney
                      RANDOLPH W. HALL, Assistant City Attorney
12                    STEPHEN Q. ROWELL, Deputy City Attorney

13

14       By: _____
                      Attorneys for Defendant
15                    CITY OF OAKLAND

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANTS DEVIN UNDERWOOD, H. KIDD, B. BROCK AND E. RICHOLT TO FIRST
AMENDED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612.  On date shown below, I served the within document(s):

**ANSWER OF DEFENDANTS DEVIN UNDERWOOD, H. KIDD, B. BROCK AND E. RICHOLT TO FIRST AMENDED COMPLAINT**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐  by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by causing such envelope to be sent by Federal Express/ Express Mail.

Martin Glickfeld, Esq.
LAW  OFFICES OF MARTIN GLICKFELD
2133 Lombard Street
San Francisco, CA 94123

Fax:
Tel:    (510) 528-2182
***Attorney for Plaintiff***

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 3, 2003**, at Oakland, California.

REESE JOHNSON

5